# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| MAJOR GENERAL THOMAS P. HARWOOD, III, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-00484 |
| ) | Hon. Liam O'Grady |
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

This case comes before the Court on remand from the Fourth Circuit Court of Appeals for recalculation of damages. After consideration of the parties' briefs on the issue, the Court finds that Plaintiff General Harwood is entitled to $28,771.41 in damages.

## I. BACKGROUND

The Plaintiff is a pilot with Defendant American Airlines and a member of the Air Force Reserves. After a tour of duty which ended in the summer of 2015, the Plaintiff requested employment as the captain of a Boeing 737 airplane based in New York. However, the Plaintiff had been diagnosed with atrial fibrillation during his tour of duty and could not gain medical clearance to resume work as a pilot at that time. The Defendant offered the Plaintiff alternate employment with its Flight Technical Operations Group, based in Dallas, Texas on October 22, 2015, and the Plaintiff accepted that position on January 25, 2016. On the same day, the Plaintiff received permission to fly, and the Defendant reassigned him to a pilot position the next day.

The Plaintiff brought this action against the Defendant in April 2017 under the Uniformed

Services Employment and Reemployment Rights Act (USERRA). The Plaintiff claimed that the Defendant failed to rehire him promptly, violating USERRA and causing him injury in the form of lost wages, and that the Defendant discriminated against him as a member of the military, also violation of USERRA. This Court dismissed the discrimination claim but awarded the Plaintiff over $50,000 in damages based on the Defendant's failure to rehire the Plaintiff promptly.

The Plaintiff appealed this Court's decision to the Fourth Circuit, which affirmed the decision in part and remanded it to this Court solely on the issue of the calculation of damages.

## II.   DISCUSSION

The Fourth Circuit instructed this Court to recalculate damages consistent with the following presumptions: that the Plaintiff is entitled to backpay damages for the period of time between September 1 and October 22; and that the Plaintiff is not entitled to backpay damages for the period of time between October 22 and January 25.

The Plaintiff has failed to sway the Court that he is not entitled to backpay for the period October 22 through January 25. The Defendant offered the Plaintiff employment in a specially created position in its Flight Technical Operations Group in Dallas on October 22; the Fourth Circuit referred to this as an "appropriate position." *Harwood v. American Airlines, Inc.*, 963 F.3d 408, 417 (4th Cir. 2020). The position came with the same pay and benefits that the Plaintiff received as a pilot, plus equal status within the organization. The Plaintiff eventually accepted the position on January 25. However, he argues in his brief on this issue that he accepted the position only because he required employment, not because it satisfied his expectations. Specifically, the Plaintiff was dissatisfied with the location of the position in Dallas, Texas.

The Plaintiff is estopped from claiming that the position in Dallas was unsatisfactory. He, through counsel, communicated on October 1 a list of four positions in which he was interested,

three of which were located in Dallas. Furthermore, USERRA does not require reemployment in the employee's preferred location or the location where he previously held a position. 20 C.F.R. § 1002.194 ("The reemployment position may involve transfer to another… location…"). Therefore, the Plaintiff cannot overcome the presumption that he is not entitled to backpay after October 22, because the Defendant had made employment available to him which he did not accept.

The Defendant makes no effort in its brief to overcome the presumption that the Plaintiff is entitled to backpay for the period from September 1 to October 22, and the Court so finds.

The Court awards the Plaintiff damages of $28,771.41, which is the amount of backpay the Plaintiff is entitled to for the period from September 1 to October 22, 2015; this calculation includes interest and is offset by the Plaintiff's military earnings during this time period in accordance to this Court's prior ruling which was affirmed by the Fourth Circuit. *Harwood*, 963 F.3d at 419.

It is **SO ORDERED**.

October 6, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge